UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

SEAN LEE MYERS,

    Plaintiff,

v.                                        Case No. 24-CV-597

RACHETTE WORLDS, *et al.*,

    Defendants.

## ORDER

On July 24, 2024, the court screened *pro se* plaintiff Sean Lee Myers's complaint and allowed him to proceed on a claim against the defendants pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The court instructed Myers to get summonses issued and effectuate service of the defendants pursuant to the Federal Rule of Civil Procedure 4 (a)-(c). (ECF No. 4.) On February 5, 2025, the court issued an order directing Myers to get summonses issued and effectuate service by March 5, 2025. (ECF No. 5.) The court warned Myers that failure to do so by that date would result in dismissal of his case without prejudice.

On March 3, 2025, Myers filed a motion for extension of time to get summonses issued and effectuate service. (ECF No. 6.) He also requested that he be appointed an attorney. On April 7, 2025, the court granted Myers's request for an extension, giving him until May 5, 2025, to effectuate service. (ECF No. 7.) The court once again warned him that failure to do so by that deadline would result in dismissal of his case without

prejudice. The court denied his motion to appoint counsel because Myers had not demonstrated that he had made a reasonable effort to hire an attorney on his own.

The May 5, 2025, deadline has passed and Myers has not effectuated service. Accordingly, the court will dismiss his case without prejudice.

**IT IS THEREFORE ORDERED** that this case is **DISMISSED without prejudice** because Myers has failed to effectuate service. The court will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Federal Rule of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Federal Rule of Appellate Procedure 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2). Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. *See* Federal Rule of Civil Procedure 6(b)(2).

A party is expected to closely review all applicable rules and determine what, if any, further action is appropriate.

Dated in Milwaukee, Wisconsin this 20th day of May, 2025.

BY THE COURT

*William E. Duffin*

WILLIAM E. DUFFIN
United States Magistrate Judge